IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN L. DYE, JR.,

                       Plaintiff,

    v.

BRYAN BARTOW, ERIC, DR. GAANAN,
LOYDA LORIA, DR. ANDRADY,
SUSAN KOON, CATHY NEMETH,
LARRY JENKINS, ROBERT HUMPHERYS,
DENISE SYMDON, HOLLY GUNDERSON,
LON BECHER, MARY KLEMZ, CATHY JESS
and JOHN DOES,

                       Defendants.

ORDER

14-cv-76-jdp[1]

Plaintiff John Dye, a prisoner incarcerated at the Waupun Correctional Institution, has filed this proposed lawsuit, alleging that prison officials have failed to adequately address his severe neck pain. Plaintiff has "struck out" under 28 U.S.C. § 1915(g) because on three different occasions he has filed lawsuits that were dismissed as frivolous. In a March 19, 2014 order, the court granted plaintiff leave to proceed on a claim that defendant therapist Eric ended his therapy sessions for no reason, but stayed the proceedings because the remainder of plaintiff's allegations against many different defendants were too vague to satisfy the requirements of Federal Rule of Civil Procedure 8. Dkt. 7. The court gave plaintiff a chance to submit an amended complaint more fully explaining his claims against each of the named defendants. *Id*. The court also noted that plaintiff had not submitted the financial information necessary to determine whether he qualified for *in forma pauperis* status and gave his a chance to submit a prison trust fund account statement. *Id*.

---

[1] This case was reassigned to me pursuant to a May 19, 2014 administrative order. Dkt. 15.

Plaintiff responded by filing a proposed amended complaint and a trust fund account statement. The court calculated plaintiff's initial partial payment to be $0.43, Dkt. 9, which plaintiff has paid.[2] The next step is to screen plaintiff's amended complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

After examining plaintiff's amended complaint in conjunction with these standards, I conclude that it suffers from the same problem as his original complaint. The court summarized the problems with the original complaint as follows:

> At this point I conclude that plaintiff has alleged that he has a serious medical need in the form of his allegedly severe neck pain. However, for the most part, plaintiff has failed to identify the proper defendants. Liability under § 1983 must be based on a defendant's personal involvement in the constitutional violation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff provides very few allegations against individual defendants, and most of those have to do with the very beginning of his care at the Wisconsin Resource Center, where it appears that defendants Gaanan and Loria at least made some attempt at diagnosing his problems and treating him. I conclude that he may proceed on a claim against defendant therapist Eric, who plaintiff believes was responsible for ending his therapy and lying about the reasons for it. But the vast majority of the picture remains extremely unclear: plaintiff alleges that he is being forced to see a psychiatrist before he will be allowed to see a general practitioner and alleges that each defendant is responsible, but he names fifteen people in a wide variety of roles (ranging from nurse to warden to assistant administrator of the Department of Corrections Division of Adult Institutions) as defendants even though it seems extremely unlikely that all of these people are responsible for his course of treatment.

Dkt. 7 at 7-8.

---

[2] Shortly before plaintiff's initial partial payment was submitted, he filed two motions to have the prison send his payment to the court. Dkt. 11 and 13. Those motions will be denied as moot.

Plaintiff's amended complaint provides almost no new factual information. As with the original complaint, plaintiff provides a relatively detailed accounting of various visits with doctors in his first few months at the Wisconsin Resource Center, along with various treatment he received, but he is almost completely silent about the course of treatment over the second half of his thirteen-month stint at WRC.[3] Importantly, because plaintiff has struck out under 28 U.S.C. § 1915(g), he will only be allowed to proceed on claims in this case showing that he was in imminent danger of serious physical harm at the time he filed his complaint, which in this case, was February 2014.[4] Plaintiff's failure to explain what type of treatment he was getting at the end of his stint at WRC makes it impossible to tell whether he can meet this standard.

The lack of clarity regarding his treatment also means that plaintiff fails to show *who* violated his rights. Aside from the first few months of treatment, plaintiff does not explain his interactions with the doctors directing his care, defendants Gaanan and Loria. Plaintiff alleges that he wrote letters to various defendants who are higher-ups at WRC or the Department of Corrections, but without knowing what type of treatment he was receiving at that time or when he wrote those letters, I cannot tell whether he has stated claims against these defendants.

I will give plaintiff a final chance to submit a second amended complaint that corrects these problems. As the court has already told plaintiff, he should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

---

[3] Plaintiff alleges that he was at the Wisconsin Resource Center from January 23, 2013 to February 24, 2014.

[4] Because the "imminent danger" requirement of 28 U.S.C. § 1915(g) applies to plaintiff's status at the time he filed his complaint, plaintiff does not lose the ability to proceed on imminent danger claims by virtue of his transfer from WRC after he filed the complaint. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

3

- What are the facts that form the basis for plaintiff's claims?

- What actions did each defendant take that violated plaintiff's rights?

- In particular, what type of treatment was he receiving around the time he was transferred out of WRC? What doctor recommended that treatment and when did he or she recommend it? If he was not getting effective treatment, which employees did he talk or write to about the problem? How did those employees respond?

I will give plaintiff a short deadline to provide a new amended complaint. Should plaintiff fail to provide an amended complaint by this deadline, he will be allowed to proceed only with his claims against defendant Eric.

ORDER

IT IS ORDERED that:

1.  Plaintiff John Dye may have until December 29, 2014, to submit a second amended complaint fixing the Fed. R. Civ. P. 8 problems discussed above. If plaintiff fails to provide an amended complaint by this deadline, the case will proceed, but only against defendant Eric.

2   Plaintiff's motions for an order directing prison staff to send the court his initial partial payment of the filing fee, Dkt. 11 and 13, are DENIED.

Entered this 10th day of December, 2014.

BY THE COURT:

/s/
JAMES D. PETERSON
District Judge

4