IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN L. DYE, JR.,

                Plaintiff,

v.                                                                                              ORDER

ERIC, DR. GAANAN, LOYDA LORIA,                                       14-cv-76-jdp
and DR. ANDRADE,

                Defendants.

---

On July 25, 2016, I held a telephone hearing regarding the parties' dispute over the authorization of the release of plaintiff John Dye's medical records in this case and in plaintiff's other recent case before this court, no. 13-cv-284-jdp. This order pertains only to case no. 14-cv-76-jdp, in which defendants have filed a motion to compel plaintiff to authorize the release of his medical records or have the case dismissed. Dkt. 33.

The major issue discussed at the hearing was the disclosure of "mixed records" containing information about both plaintiff's physical and mental health problems. In the '284 case, plaintiff is proceeding only on claims regarding physical harm. But in this case, plaintiff's claims are not necessarily limited to physical health problems. Plaintiff is currently proceeding with the following claims related to his severe neck pain:

- Defendant therapist Eric ended plaintiff's therapy sessions for no reason.

- Defendant doctors Loyda Loria and Gaanan failed to change pain medications or attempt further treatment after plaintiff complained about the ineffectiveness of his medication.

- Defendant Dr. Andrade, a psychiatrist, would not treat plaintiff or allow him to get help from others.

*See* Dkt. 21.

Plaintiff's neck problem is a physical one that, at first glance, could be treated the same way as plaintiff's hand problems in the '284 case: mental health components of plaintiff's WRC records could be removed from the records that are released to defense counsel. But there are two reasons that this solution may not work for this case.

First, defendant Andrade is a psychiatrist, so it is possible that records concerning her treatment of plaintiff will contain mental health information intermixed with information regarding her treatment of plaintiff's neck problem.

Second, plaintiff seeks leave to proceed with claims directly involving mental health treatment. I stated the following in screening plaintiff's second amended complaint:

> Plaintiff has also filed a motion for injunctive relief, stating that Andrade has been transferred to the Waupun Correctional Institution and has retaliated against plaintiff by discontinuing one of plaintiff's psychotropic medications. Plaintiff wants the court to intervene in his psychiatric treatment by reinstating the provision of his medication or by removing Andrade as his psychiatrist. I cannot address the merits of plaintiff's motion because he is not proceeding on claims regarding Andrade's psychiatric care in this lawsuit. Because plaintiff could include such a claim in this lawsuit under Federal Rule of Civil Procedure 18, I will give him a short period of time to supplement his complaint with this claim.

Dkt. 21, at 4. Plaintiff responded to that order with a motion for an extension of time to file his response, Dkt. 26, and a supplement to his complaint. Dkt. 27. I will grant plaintiff's motion for an extension of time and consider his supplement.

In the supplement, plaintiff alleges that defendant Andrade[1] was transferred to the Waupun Correctional Institution at roughly the same time that plaintiff was, and after

---

[1] Plaintiff refers to defendant "Andrady," but I take him to mean defendant Dr. Michelle Andrade.

plaintiff expressed his desire not to be treated by Andrade while he was pursuing a lawsuit against her, Andrade discontinued one of his psychotropic medications, Depakote. Plaintiff's claim could be viewed as either a First Amendment claim against Andrade for cutting off the Depakote after plaintiff filed a lawsuit against her and complained about her ongoing care, or an Eighth Amendment deliberate indifference claim because Andrade chose to discontinue the medication for vindictive reasons. Either way, I conclude that plaintiff has stated a claim against Andrade and so I will allow him to proceed against Andrade under both theories.

Plaintiff also seeks to bring claims against several defendants (the WRC director and other health care staff) already dismissed from the complaint. Plaintiff says that he wrote them letters about doctors Loria's, Gaanan's, and Andrade's treatment. But plaintiff does not suggest that he sought these defendants' help though formal complaint channels, and he does not suggest that any of them had the power to countermand medical decisions made by the defendant doctors. See *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[P]risoner's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right."). I will not allow plaintiff to supplement his complaint with claims about these officials.

Because plaintiff has chosen to include a claim about Andrade's treatment of plaintiff's mental health problems, this means that plaintiff will have to release his mental health records to defendants so that they may defend against his claims.

3

The docket contains a series of defendants' proposed authorization forms and plaintiff's responses to them. Based on plaintiff's responses, Dkt. 30 & 31, the briefing of defendants' motion to compel, and plaintiff's statements at the July 25 hearing, I take plaintiff to be raising several objections similar to those he raised in the '284 case. But plaintiff has already agreed to an authorization form in the '284 case. I conclude that the easiest way to work out an agreeable form for this case is to take the form in the '284 case and modify it in the following ways.

Unlike the '284 case, this case involves claims regarding plaintiff's mental health treatment. So the form in this case should allow for the release of plaintiff's mental health records. Knowing this, if plaintiff would like to dismiss his claims about psychotropic medication, he may do so. But even if he does, we will then have to work out how to address defendant Andrade's records related to plaintiff's neck pain, because those might include mental health information as well.

Currently, defendants have limited the scope of the time periods for which records must be released. Their most recent proposed form, Dkt. 34-5, is limited to records between January 1, 2013, and March 10, 2014. I doubt defendants will stick with these dates given the inclusion of plaintiff's claim regarding his psychotropic medication, which involves events taking place in early 2015. Defendants are entitled to relevant medical records up to the present date if plaintiffs' treatment continues to the present. With the new claim, defendants may also want to reach back farther into the past to establish plaintiff's history of mental health treatment. Defendants may do so as long as the records are relevant to plaintiff's claims and proportional to the needs of the case. Should the parties dispute the time periods for authorization, defendants will need to explain the basis for the dates they request.

Plaintiff objects to alcohol and drug treatment records, and HIV/AIDS test results. Those records have been removed from the form in the '284 case. The final authorization form proposed by defendants in this case is ambiguous as to whether those records are excluded from release. These records do not appear to have any relevance to his claims, so I conclude provisionally that they should not be included in a modified release form.

Plaintiff objects to records from his juvenile health care record, his social services file, and his Division of Community Corrections file. But the relevance of a record is not necessarily determined by the *department* making that record. At this point, defendants are entitled to records concerning plaintiff's neck problem and his mental health problems. If these other files contain records about those problems, and fall within the time period covered by the form, they are fair game for defendants.[2]

I will direct defendants to take the authorization form agreed to in the '284 case and modify it as stated above. I will give plaintiff a chance to object to that modified form, but in doing so, plaintiff will need to explain in detail why he believes any particular provision in that form needs to be changed.

Because I do not foresee these issues being resolved with enough time to fit a full briefing schedule on dispositive motions before the January 17, 2017, trial date currently set, I will strike the remaining schedule. I will reset the schedule after the medical authorization issue is settled.

---

[2] It is highly unlikely that plaintiff's juvenile records will contain records pertaining to the relevant time period. I cannot say whether the other records plaintiff mentions may contain relevant information.

ORDER

IT IS ORDERED that:

1. Defendants' motion to compel plaintiff to sign a medical record release authorization form, Dkt. 33, is DENIED without prejudice.

2. Plaintiff John Dye's motion for an extension of time to file a supplement to his second amended complaint, Dkt. 26, is GRANTED.

3. Plaintiff is GRANTED leave to proceed on First Amendment retaliation and Eighth Amendment medical care claims against defendant Andrade.

4. Defendants may have until August 19, 2016, to provide plaintiff with a new authorization form, modified from the form in the '284 case as discussed above. Plaintiff may have until September 2, 2016, to submit any objections to that form or dismiss his claims about psychotropic medications if he chooses not to release those records.

5. Defendants' motion for modification of the schedule, Dkt. 33, is GRANTED. The remaining schedule is STRICKEN. I will set a new schedule following resolution of the medical records authorization issue.

Entered August 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge