IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN L. DYE, JR.,

                Plaintiff,

v.                                                 ORDER

ERIC, DR. GAANAN, LOYDA LORIA,            14-cv-76-jdp
and DR. ANDRADE,

                Defendants.

---

      Plaintiff John Dye brings Eighth Amendment medical care and First Amendment retaliation claims against defendant prison officials for failing to adequately address his severe neck pain and his mental health needs while he was housed at the Wisconsin Resource Center. The parties have previously litigated issues about Dye's authorization of health care records in this case and his other current case, 13-cv-284-jdp. The parties have come to an agreement on authorization of records in the '284 case, but Dye objects to the scope of defendants' amended authorization form in this case. *See* Dkt. 27.

      Dye objects to defendants' request for health and medical records dating back to 2010, because the treatment discussed in the operative complaint dates back to 2013 at the earliest. But Dye's medical history obviously did not start on the day he first received allegedly subpar treatment. Records predating that treatment could be relevant to Dye's claims. In the previous order, I acknowledged that defendants had the right to obtain records for 2013 to 2014, but noted that defendants might want to obtain information about earlier treatment, and that they "may do so as long as the records are relevant to plaintiff's claims and proportional to the needs of the case." Dkt. 41, at 4. I concluded that "[s]hould the parties dispute the time periods for authorization, defendants will need to explain the basis

for the dates they request." *Id*. Accordingly, I will have defendants explain why they believe records back to 2010 are required.

Dye also objects to the renewed mention of juvenile, social service, or Division of Community Corrections records. I have already explained that the relevance of a record is not determined by the department making that record. *Id*. at 5. But I noted that it seemed unlikely that his juvenile records would be of any use. *Id*. at 5 n.2. According to his trust fund account statement, Dkt. 8, Dye was born in 1963, so it is difficult to see how anything in his juvenile file could be relevant, particularly given that defendants seek records from 2010 on. If defendants have a reason for continuing to reference Dye's juvenile records, they should explain that in their response to this order. Otherwise, they should remove the reference to juvenile records from the authorization form. There is no reason to remove references to social service or Division of Community Corrections records, but defendants will still be limited to obtaining records concerning Dye's neck problem and his mental health problems that also correspond to the dates I conclude are appropriate after I receive defendants' response.

Dye states that he is also concerned about the redisclosure provision of the form, which suggests that if a person not covered by federal privacy laws obtains this information, those parties could disclose the information with Dye's permission. I addressed this language in the '284 case:

> But even assuming that his objection to the language is that he perceives it as giving defendants extra permission to redisclose his protected health information, I conclude that objection is unwarranted. The language merely informs plaintiff of the consequences of his health care information being used in the case. It is possible that someone involved in this litigation who is not covered by federal health privacy laws will obtain the records plaintiff discloses. Given the facts of this case, it is difficult to

2

>envision a scenario where this occurs, but the authorization includes this language to inform plaintiff of the possibility.

Dkt. 68 in the '284 case, at 3. Dye does not persuade me to depart from my prior reasoning. The disclosure warning can remain in the authorization form.

Finally, Dye renews his motion for the court's assistance in recruiting him counsel. I will deny the renewed motion for largely the same reasons I denied his earlier request: he has not provided the court with letters from attorneys showing that he has asked them to represent him and that they have turned him down, and the factual record has not been developed to the point where it is clear that the complexity of the case will outstrip his abilities.

ORDER

IT IS ORDERED that:

1. Defendants may have until February 7, 2017, to respond to this order as discussed above.

2. Plaintiff John Dye's renewed motion for the court's assistance in recruiting him counsel, Dkt. 42, is DENIED.

Entered January 25, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge