IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN L. DYE, JR.,

            Plaintiff,

v.                                              ORDER

ERIC, DR. GAANAN, LOYDA LORIA,                14-cv-76-jdp
and DR. ANDRADE,

            Defendants.

Plaintiff John Dye brings Eighth Amendment medical care and First Amendment retaliation claims against defendant prison officials for failing to adequately address his severe neck pain and his mental health needs while he was housed at the Wisconsin Resource Center. The parties have previously litigated issues about Dye's authorization of health care records in this case and his other current case, No. 13-cv-284-jdp. The parties came to an agreement on authorization of records in the '284 case, but Dye objects to the scope of defendants' amended authorization form in this case. *See* Dkt. 27.

Dye objects to defendants' request for health and medical records dating back to 2010, because the treatment discussed in the operative complaint dates back to 2013 at the earliest. I stated the following about this objection:

> But Dye's medical history obviously did not start on the day he first received allegedly subpar treatment. Records predating that treatment could be relevant to Dye's claims. In the previous order, I acknowledged that defendants had the right to obtain records for 2013 to 2014, but noted that defendants might want to obtain information about earlier treatment, and that they "may do so as long as the records are relevant to plaintiff's claims and proportional to the needs of the case." Dkt. 41, at 4. I concluded that "[s]hould the parties dispute the time periods for authorization, defendants will need to explain the basis for the

dates they request." *Id*. Accordingly, I will have defendants explain why they believe records back to 2010 are required.

Dkt. 43, at 1-2.

The state has responded, stating that Dye describes himself as possibly suffering from "degenerate[ive] arthritis," so it makes sense to obtain records predating the treatment mentioned in the complaint to determine how his condition has progressed. Dkt. 44, at 2. With regard to mental health records, Dye's claim is that defendant Andrade discontinued one of his psychotropic medications that he had been taking for more than 15 years. Dkt. 27, at 2. Defendants say that "Dye's prior psychological services unit (PSU) records are also relevant as to any alleged exacerbation of prior emotional illness." Dkt. 44, at 2. They reason that going back to 2010 "seemed a reasonable length of time to provide defendants with enough information to be able to evaluate the import of Dye's prior medical history[] as to both liability and damages issues in this case. It represents an appropriate balance between defendants' right to explore potential defenses to the suit with plaintiff's interests in his medical privacy." *Id*. at 2-3.

I agree with defendants. They have good reason to examine records from several years back to understand how Dye's health problems were affected by their actions. Accordingly, I conclude that it is appropriate for defendants to seek authorization of the release of records going back to 2010. Defendants will still be limited to obtaining records concerning Dye's neck problem and his mental health problems. And they will not be allowed access to Dye's juvenile records: Dye objected to language in the authorization form regarding his juvenile records (he was born in 1963), and defendants do not respond to that objection in their response. The state should remove mention of juvenile records from the authorization form.

As I have previously informed Dye, this leaves him with a choice. The court will not force him to release medical information, even if that information is relevant to his claims. But if he chooses not to sign a modified authorization form, I will dismiss the case because he will not allow defendants access to information they need to defend against his claims. I will give Dye a short time to sign a modified form or tell the court that he refuses to do so.

ORDER

IT IS ORDERED that plaintiff John Dye may have until May 19, 2017, to sign a modified medical authorization form or tell the court that he refuses to do so.

Entered May 5, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge